IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM E. JOHNSON,** : | |
| : | |
| Plaintiff, : | Case No. 2:11-CV-0020 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| **THE SCOTTS COMPANY** : | Magistrate Judge Deavers |
| : | |
| Defendant. : | |
| : | |
| : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendant's The Scotts Company, LLC ("Scotts") Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. 4.)  For the reasons set forth herein, the Defendant's Motion is **GRANTED**.

**II.  BACKGROUND**

Plaintiff William Johnson brings this action for unlawful discrimination against his former employer, Scotts.  On March 19, 2010, Mr. Johnson was terminated from his position as a fork-lift operator at the Scotts' Marysville, Ohio fertilizer plant after 15 years of service to that company.  Mr. Johnson's termination arose out of allegations of sexual harassment by a white coworker, Ms. Pickett.  According to Mr. Johnson, Ms. Pickett reported to Scotts management that Mr. Johnson inappropriately touched a different female coworker, who was also white.  Mr. Johnson denied Ms. Pickett's accusation and denied doing anything inappropriate with the alleged victim.

Scotts investigated the incident. According to Mr. Johnson's Complaint, the alleged victim denied being sexually harassed by Mr. Johnson, and reported that nothing improper had occurred. Scotts nevertheless decided to terminate Mr. Johnson upon completing its investigation. When he asked why he was being fired, he was told his coworkers were afraid of him. Mr. Johnson is a 55 year-old man with a pronounced limp. He has no history of violence, in or out of the workplace. When he was terminated, Mr. Johnson was one of only two African American employees out of 60 total employees in his division of Scotts' workforce, and afterward there was only one African American remaining.

Mr. Johnson brought suit under 42 U.S.C. § 1981 and O.R.C. § 4112.99, alleging racial discrimination. He alleges there is no objective basis for Scotts' claim that his coworkers were afraid of him, and instead claims it was his race that was a determining factor in his termination. (Compl. ¶ 10.) Scotts has moved to dismiss Mr. Johnson's Complaint, arguing that it fails to present a prima facie case of discrimination, and therefore fails to state a claim upon which relief can be granted.

### III.  STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A district court, in turn, "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this "tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations." *McCormick v. Miami Univ.*, No. 1:10-cv-345, 2011 U.S. Dist. LEXIS 48467, at *10 (S.D. Ohio May 5, 2011) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). The plaintiff's ground for relief must

therefore entail more than "a formulaic recitation of the elements" of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead detailed facts, the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This Court has held that "[t]o survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Noble v. Genco I, Inc.*, No. 2:10-cv-648, 2010 WL 5541046, at *2 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Finally, the complaint must be construed in a light most favorable to the party opposing the motion to dismiss. *Davis H. Elliot Co. v. Caribbean Utils. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

## IV. LAW AND ANALYSIS

### A. Unlawful Termination on the Basis of Race under Section 1981

Mr. Johnson alleges that Scotts discriminated against him on the basis of race when it terminated his employment, in violation of 42 U.S.C. § 1981 and Ohio law. Section 1981 provides in its pertinent part that "all persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Section 1981 claims for race discrimination are analyzed under the same framework as claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *See White v. Baxter Healthcare Corp.,* 533 F.3d 381, 391 (6th Cir. 2008).

Additionally, "the evidentiary standards and burdens of proof applicable to a claimed violation of Title VII . . . are likewise applicable in determining whether a violation of Ohio Rev. Code § 4112 has occurred." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004) (quoting *Williams v. Ford Motor Co.*, 187 F.3d 533, 538 (6th Cir. 1999)).

Plaintiffs may establish a claim of discrimination under Title VII "either by introducing direct evidence of discrimination, or by proving circumstantial evidence which would support an inference of discrimination." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). Because the Complaint provides no direct evidence of racial discrimination, Mr. Johnson's claims will be analyzed under the familiar burden-shifting scheme.[1] *See White*, 533 F.3d at 391 ("Absent direct evidence of discrimination, claims brought pursuant to Title VII's antidiscrimination provision, § 1981, and the Elliot-Larsen Act are subject to the tripartite burden-shifting framework first announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*."). To survive Defendant's Motion to Dismiss, Mr. Johnson need only establish a prima facie case of discrimination. *Cox v. Shelby State Cmty. College*, 48 F. App'x 500, 506 (6th Cir. 2002).

### B.  Prima Facie Case

To establish a prima facie case of discrimination, Mr. Johnson must show: (1) that he was a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) he was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006); *see also McDonnell Douglas*, 411 U.S. at 802. The prima facie case "raises an inference of discrimination only because we presume these acts, if

---

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973), as subsequently modified by *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981).

otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978).

Mr. Johnson easily satisfies the first three requirements for a prima facie case at this stage of litigation. Mr. Johnson is African American; he suffered an adverse employment action at the hands of Scotts when the company terminated him, *see Nemeth v. Citizens Fin. Grp., Inc.,* Case No. 2:08-cv-15326, 2011 U.S. Dist. LEXIS 68122, at *19 (E.D. Mich. June 24, 2011); and the Court must accept as true his contentions that his work performance was "good" and he received "positive performance appraisals," (Compl. ¶ 4), which together demonstrate that he was qualified for his position at Scotts (difficult to dispute given his 13 years performing that job). As is often the case, however, it is the fourth requirement of a prima facie case of discrimination—disparate treatment of "similarly-situated, non-protected employees"—that Mr. Johnson's Complaint struggles to allege sufficiently. *See Wright*, 455 F.3d at 707.

Defendant contends that Mr. Johnson's Complaint fails to establish the fourth element of a prima facie case of discrimination because it does not contain any allegations that Scotts either treated similarly-situated Caucasian employees more favorably, or replaced Mr. Johnson with a Caucasian employee. (Motion at 10-11.) Defendant argues that the Complaint must therefore be dismissed. This Court agrees.

Plaintiff's Complaint "does not need detailed factual allegations" regarding Scotts' treatment of similarly-situated employees, *Twombley*, 550 U.S. at 555, but this Court has affirmed in previous cases of this nature that to survive a motion to dismiss it "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Noble*, 2010 WL 5541046, at *2. It is well-established that evidence of similarly-situated, non-protected employees receiving better treatment, or evidence

that the plaintiff was replaced by an individual outside the protected class is essential, and thus material, to prove race discrimination and obtain recovery under Title VII (and therefore this Section 1981 claim as well). *See Williams*, 455 F.3d at 706 (stating that for "Title VII single-motive claims proceeding on circumstantial evidence" such as Mr. Johnson's, success "first requires that the plaintiff establish a prima facie case"). Thus, if the complaint is lacking the basic facts required to support a prima facie case for discriminatory conduct, the court cannot possibly draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In the *Noble v. Genco I* case out of this Court, the Plaintiff alleged racial discrimination against a former employer, but "pled no facts that Defendant treated him differently than similarly situated white employees," and so this Court accordingly granted the defendant's motion to dismiss. *See Noble*, 2010 WL at *3 (dismissing plaintiff's racial discrimination claims "[b]ecause Plaintiff's claim for racial discrimination . . . does not contain 'direct or inferential allegations respecting all the material elements' of a racial discrimination claim") (quoting *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 520 (S.D. Ohio 1995)).

Mr. Johnson's Complaint similarly fails to identify comparable coworkers qualifying as "similarly-situated," nor does he allege that Scotts replaced him with a white ("non-protected") employee. Mr. Johnson claims that his accuser, Ms. Pickett, "has dated people at work, including a supervisor," and was not fired, whereas he never dated anyone from Scotts and yet he was fired. (Compl. ¶ 8.) While he does state that Ms. Pickett is white, these allegations, even if true, would not make Ms. Pickett similarly-situated to Mr. Johnson in this case. According to Mr. Johnson he was fired after being accused of sexual harassment, and was told his coworkers were afraid of him. (Compl. ¶ 7.) Nowhere in the Complaint does he allege Scotts reportedly

fired him for "dating" a co-worker. Nowhere does he allege other white coworkers were similarly accused of sexual harassment but were not fired, as he was.

Assuming the Complaint's discussion of Ms. Pickett's love-life is meant to proffer her as a "comparator," i.e. a similarly-situated employee receiving better treatment by Defendant, it necessarily fails in this attempt because none of the acts of which Mr. Johnson was accused is similar to those of which he accuses her. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) ("[T]he plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in 'all of the relevant aspects.'") (citations omitted). Based on the facts in the Complaint, therefore, it is not plausible that Ms. Pickett, or anyone else for that matter, could be considered similarly-situated for purposes of establishing a prima face case.[2] *See Wright*, 455 F.3d at 709 ("In the disciplinary context, we have held that to be found similarly situated, the plaintiff and his proposed comparator must have engaged in acts of 'comparable seriousness.'") (citation omitted).

Similarly, Mr. Johnson crucially does not allege that he was replaced by Scotts, much less replaced by a white employee. The court's reasoning in dismissing the plaintiff's claim in the *Williams v. United Steel Workers of America* case illustrates the materiality of Mr. Johnson's shortfall. Regarding the plaintiff's failure to meet the fourth requirement of a prima facie case, Judge Dlott stated:

> For example, he does not allege in the Amended Complaint that [Defendant] treated similarly-situated non-Black employees who had pending grievances more favorably than Williams was treated nor does he allege that any [Defendant] officials made discriminatory statements. Williams does assert in conclusory fashion that "younger workers are treated more favorably[,]" (Doc. 15 ¶ 37), but that allegation is an insufficient "formulaic recitation of the element[ ] of a cause

---

[2] Plaintiff's opposition also proffers the alleged female victim of sexual harassment as a similarly situated employee who was not fired. (Opposition at 6.) As the alleged victim was neither accused of sexual harassment, nor of frightening her fellow coworkers, she, too, cannot be considered a potential similarly-situated "comparator" on the pleadings. *Id.*

> of action." *Twombly*, 550 U.S. at 555. Williams did not plead any facts to support this conclusory allegation or explain in what manner younger workers were treated more favorably. *See Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 785-86 (6th Cir. 2007) (affirming a district court decision that "the Workers failed to state a claim because, 'although they allege that they were replaced, [they] do not allege facts necessary to support the factual allegation that they were replaced with younger workers.'") (citations omitted).

*Williams v. United Steel Workers of America*, No. 1:09-cv-743, 2010 WL 909883, at *5 (S.D. Ohio 2010).

Plaintiff attempts to save this deficiency in his Complaint by arguing that it is clear Mr. Johnson's replacement was white because the Complaint alleges that after he was fired, the demographic makeup of the Shipping and Receiving Department at Scotts went from two African Americans (with him) down to just one. (Opposition at 6; *see* Compl. ¶ 7.) The Plaintiff's argument is infirm because it requires the Court to make inferences not based in fact. The fact that immediately after Mr. Johnson was fired, the number of African Americans on the workforce decreased does not necessarily mean he was replaced by a white employee. *See, e.g.*, *Jackson v. City of Columbus*, 194 F.3d 737, 752 (6th Cir. 1999) ("[A]n employee is not 'replaced' when his or her former duties are redistributed among the remaining employees."). The Court therefore cannot simply accept the assertion in Plaintiff's opposition that "his replacement was white." *See Williams*, 2010 WL 909883, at *4 ("[F]or purposes of adjudicating the dismissal motions, the Court cannot consider factual allegations which [Plaintiff] states in his brief but did not plead in the Amended Complaint.").

Plaintiff attaches the *Philip Lewis v. William Taylor, et. al.*, No. 1:10-cv-0108 case and insists that the Court should not use the *Iqbal/Twombly* holdings to "distort" the FRCP's notice pleading standard. (Opposition at 3). In *Lewis*, however, the plaintiff claiming race discrimination at least *alleged* that "upon information and belief [Defendant employer] has hired

and retained non-black managers who have the same or more serious records." (Opposition, Exh. B, at 6.) Mr. Johnson's Complaint, on the other hand, would require the Court to hypothesize as to whether he was replaced by a non-protected individual, thus satisfying the fourth requirement for his prima facie case. If *Iqbal* and *Twombly* stand for anything, it is that the plaintiff must not rely on the Court to introduce hypothetical facts to support an otherwise deficient pleading. *See id.* at 6 ("What *Iqbal* and *Twombly* do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action."). Where, as here, "the factual allegations are not 'enough to raise a right to relief' for [race discrimination] . . . 'above the speculative level,'" the Court must grant a defendant's motion to dismiss the Complaint. *Williams*, 2010 WL 909883, at *5 (quoting *Twombly*, 550 U.S. at 555).

### C. Defendant's Reason for Termination

Because the Plaintiff's Complaint does not allege facts sufficient to establish a prima facie case of race discrimination, the Court does not proceed to the second step of the burden-shifting scheme, which analyzes the legitimacy of Scotts' given reason for firing Mr. Johnson. *See, e.g., Wilson v. Budd Co.*, NO. 99-CV-75501-DT2000, U.S. Dist. LEXIS 19256, at *9 (E.D. Mich Dec. 4, 2000) ("[I]f Plaintiff fails to establish a prima facie case of discrimination the inquiry ends and the Court need not address the second and third prongs of the inquiry, i.e., whether Defendant has articulated a legitimate, nondiscriminatory reason for its actions and whether the evidence reveals that the articulated reason is really a pretext for discrimination.).

## V. CONCLUSION

Plaintiff's Complaint fails to allege facts sufficient to support a plausible claim of racial discrimination in this case are, accordingly, **DISMISSED**, without prejudice.  Plaintiff may amend his Complaint to remedy these deficiencies, if they can be so remedied.

**IT IS SO ORDERED.**


                                                <u>**s/Algenon L. Marbley**</u>
                                                **Algenon L. Marbley**

**DATED: December 21, 2011**